AGNES V. WILLIAMS, complainant,

*v.*

SALLIE RAAB, defendant.

[Determined August 26th, 1926.]

**Sale of Land—Specific Performance—Lease With Option to Purchase at Specified Price Before Expiration—Tender of Price Made but Not in Manner Determined by Lease—Held, Tender was Not Made nor Waived.**

On bill for specific performance. On final hearing.

*Messrs. Cassman & Gottlieb,* for the complainant.

*Messrs. Babcock & Champion,* for the defendant.

INGERSOLL, V. C.

The complainant is the tenant of the defendant and in possession of certain premises in Atlantic City, designated in the leases as "all that furnished house known as No. 64 North Windsor avenue, Chelsea, New Jersey."

In said lease is the following clause:

"The party of the second part has the option to purchase the within property at any time during the term of this lease under the following conditions: Purchase price ten thousand five hundred dollars [$10,500], subject to a purchase-money mortgage of seventy-five hundred [$7,500] on or before five years; balance of $3,000 cash on day of settlement."

Prior to the expiration of the lease the complainant presented herself with a certified check, together with a bond and purchase-money mortgage, and demanded of the defendant a deed for the lands and premises described in the bill, and also a bill of sale for the furniture. These the de-

fendant declined to execute. The complainant was not entitled to receive the deed and bill of sale in the form presented to her. *Gough* v. *Williamson, 62 N. J. Eq. 526* (at *p. 531*); *Waters* v. *Bew, 52 N. J. Eq. 787.*

It is true that should the complainant be found to be entitled to a conveyance, a general description by lot number, as No. 64 North Windsor avenue, would entitle her to receive a deed, at least, in the language of the agreement.

In the supposed tender the deed demanded was by metes and bounds, and included a right of way over adjoining property. This right of way was not included in the purchase-money mortgage prepared by the complainant.

The bill originally averred a legal tender, but was later amended averring the waiver of the tender. I am unable to find that tender was either made or waived.

The complainant insists that an option to purchase, contained in a lease, is enforceable. This is true. *Behr* v. *Hurwitz, 90 N. J. Eq. 110.*

The general rule that time is deemed not to be of the essence of the contract, except by express statement, is not applicable in this case, as the complainant failed to make a proper tender to exercise her option during the term of the lease. .Not having exercised her option during that period, she cannot, by filing her bill thereafter, enforce the contract.